ON APPLICATION FOR REHEARING AND RELATED MOTIONS
PER CURIAM.*
liOn June 2, 2010, the Judiciary Commission of Louisiana (“Commission”) filed a pleading in this court recommending that respondent, Judge David Bell of the Orleans Parish Juvenile Court, State of Louisiana, be immediately disqualified from exercising any judicial function pursuant to Supreme Court Rule XXIII, § 27. The Commission further recommended that respondent’s medical records, contained in Volume II of the Commission’s filing, be maintained under seal, but that the parties be allowed to refer to the sealed records in their filings in this court.
On June 15, 2010, following the expiration of the time period for response by respondent pursuant to Supreme Court Rule XXIII, § 27(b), we issued the following order:
IT IS ORDERED, ADJUDGED AND DECREED that Judge David Bell, Orleans Parish Juvenile Court, State of Louisiana, be and he hereby is disqualified from exercising any judicial function during the pendency of further proceedings in this matter, pursuant to La. Const, art. V, § 25(C) and Supreme Court Rule XXIII, § 27.
IT IS FURTHER ORDERED that Judge Bell shall stay completely out of the Orleans Parish Juvenile Court and any and all of its facilities (including the *580 warehouse intended to be used by youth to learn auto mechanic skills) on a 24-hour basis.
IT IS FURTHER ORDERED that Volume II of the Judiciary Commission’s recommendation shall be |2maintained under seal. The parties shall not be prohibited from referring to the sealed records in any documents hereinafter filed with the Judiciary Commission or this court. In all other respects, Judge Bell’s request to seal the record of these proceedings is denied.
This order shall be effective immediately-
On June 16, 2010, respondent filed a motion to seal his medical records or to redact his medical information from public documents.[1] Asserting that the court had “inadvertently overlooked” the medical information contained in Volume I of the Commission’s recommendation, respondent urged the court to either seal Volume I in its entirety or, alternatively, to redact the information on certain pages of Volume I “so as to maintain the confidentiality of medical information.”
Simultaneously with the filing of the motion to seal, respondent filed an application for rehearing from the court’s order of June 15, 2010. Once again, respondent notes that he does not object to the effect of the court’s order of disqualification, but he states that he is requesting rehearing “because the Court’s order permits the release of highly-confidential and embarrassing medical information that [he] has never consented to be released publicly.” He urges the court to grant rehearing and order that Volume I be sealed or, alternatively, to redact the information on certain pages of that volume “so as to maintain the confidentiality of medical information.”
On June 16, 2010, we rendered the following order in response to Judge Bell’s application for rehearing:
Considering the Application for Rehearing filed by Judge David Bell, and the need to obtain a response from the Judiciary Commission of Louisiana before the court acts on the rehearing,
IT IS ORDERED that both Volume I and Volume II of the Judiciary Commission’s recommendation of immediate disqualification shall be maintained under seal on an interim basis.
IT IS FURTHER ORDERED that the Judiciary Commission shall file a response to Judge Bell’s application for rehearing no later than noon on Friday, June 18, 2010.
In all other respects, our order of June 15, 2010 remains in full force and effect.
At 10:26 a.m. on June 17, 2010, prior to the filing of a response by the Commission as ordered by the court, respondent submitted a letter of resignation to the Louisiana Secretary of State.
Late in the day on June 17, 2010, the Commission filed its response. In its response, the Commission stated that it was opposed to redacting any part of Volume I of its filing seeking interim disqualification.
Having considered respondent’s application for rehearing and related motions and the Commission’s response thereto, we will grant the rehearing in part and redact from Volume I all direct quotations to respondent’s medical records which are contained on pages 2, 13, and 14. In all other respects, Volume I is unsealed and shall be a matter of public record.
Accordingly,
IT IS ORDERED that the Application for Rehearing be and hereby is granted in *581 part and Volume I of the Judiciary Commission’s recommendation for interim disqualification is hereby redacted as set forth in this opinion. Except as modified by this order, our order of June 15, 2010 is reaffirmed in its entirety.
IT IS FURTHER ORDERED that the motions of June 16, 2010 and June 17, 2010 filed by respondent be and hereby are denied as moot.
|JT IS FURTHER ORDERED that respondent’s resignation of his judicial office renders moot further proceedings against him by the Judiciary Commission. Accordingly, the Judiciary Commission shall provide documents, evidence, and information from these proceedings and any other proceedings involving respondent to the Louisiana Attorney Disciplinary Board. See Supreme Court Rule XXIII, § 23; Supreme Court Rule XIX, § 6(B).
VICTORY and WEIMER, JJ., concurs in part and dissents in part, with written reasons.

 Chief Justice Kimball not participating in the opinion.

. In this motion, Judge Bell noted that he did not object to the effect of the court’s order disqualifying him from performing any adjudicative or administrative duties as a judge.